1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JASON WAYNE NAILLIEUX,

      Plaintiff,

    v.

LOS ANGELES SHERIFF, ET AL.,

      Defendants.

) Case No. CV 15-7638-GW-KK
)
)
)
) **ORDER DISMISSING**
) **COMPLAINT WITH LEAVE TO**
) **AMEND**
)
)
)
)
)

**I.**

**BACKGROUND**

On September 29, 2015, plaintiff Jason Wayne Naillieux ("Plaintiff"),

proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to

42 U.S.C. § 1983 ("Complaint").  ECF Docket No. ("Dkt") 1; Compl. 1.  Plaintiff

alleges defendants lieutenants, sergeants, and officers of Los Angeles County

Sheriff's Department and Los Angeles Police Department ("Defendants"), in their

official and individual capacities, enslaved Plaintiff when he was five years old by

raping his wife and forcing him to watch the rape.  Compl. 2-6.  Plaintiff further

1

1    alleges Defendants caused Plaintiff to suffer an assault and emotional damage.  Id.

2    at 5-7.  For the reasons set forth below, the Court dismisses Plaintiff's Complaint

3    with leave to amend.

4                                                **II.**

5                                   **LEGAL STANDARD**

6         As Plaintiff is proceeding in *forma pauperis*, the Court must screen

7    Plaintiff's Complaint, and is required to dismiss the case at any time if it concludes

8    the action is frivolous or malicious, fails to state a claim on which relief may be

9    granted, or seeks monetary relief against a defendant who is immune from such

10   relief.  28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194

11   (9th Cir. 1998).

12        In determining whether a complaint fails to state a claim for purposes of

13   screening under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court applies the same pleading

14   standard from Rule 8 of the Federal Rules of Civil Procedure as it would when

15   evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

16   See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).  Under Rule 8(a), a

17   complaint must contain a "short and plain statement of the claim showing that the

18   pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

19        A complaint may be dismissed for failure to state a claim "where there is no

20   cognizable legal theory or an absence of sufficient facts alleged to support a

21   cognizable legal theory."  Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007)

22   (citation and internal quotation marks omitted).  In considering whether a

23   complaint states a claim, a court must accept as true all of the material factual

24   allegations in it.  Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011).

25   However, the court need not accept as true "allegations that are merely conclusory,

26   unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis.

27

28                                              2

1   Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation
2   marks omitted).  Although a complaint need not include detailed factual
3   allegations, it "must contain sufficient factual matter, accepted as true, to state a
4   claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004
5   (9th Cir. 2011) (citation and internal quotation marks omitted).  A claim is facially
6   plausible when it "allows the court to draw the reasonable inference that the
7   defendant is liable for the misconduct alleged." Id. (citation and internal quotation
8   marks omitted).  The complaint "must contain sufficient allegations of underlying
9   facts to give fair notice and to enable the opposing party to defend itself
10  effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

11      "A document filed pro se is to be liberally construed, and a pro se complaint,
12  however inartfully pleaded, must be held to less stringent standards than formal
13  pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct.
14  2197, 167 L. Ed. 2d 1081 (2007) (citations and internal quotation marks omitted);
15  Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

16      If the court finds a complaint should be dismissed for failure to state a claim,
17  the court has discretion to dismiss with or without leave to amend. Lopez v. Smith,
18  203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it
19  appears possible the defects in the complaint could be corrected, especially if the
20  plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103,
21  1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a
22  complaint cannot be cured by amendment, the court may dismiss without leave to
23  amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d
24  962, 972 (9th Cir. 2009).

25  ///
26  ///
27
28                                            3

1

**III.**

2

**DISCUSSION**

3

**A.**     **The Complaint Fails To Comply With Rule 8 Of The Federal Rules Of**

4

**Civil Procedure**

5

**1.**     **Applicable Law**

6

Rule 8(a) requires that a complaint contain "a short and plain statement of

7

the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).

8

Further, Rule 8(d)(1) provides "[e]ach allegation must be simple, concise, and

9

direct."  Id. 8(d)(1).  Moreover, Rule 8(a) "requires a 'showing,' rather than a

10

blanket assertion, of entitlement to relief."  Bell Atl. Corp. v. Twombly, 550 U.S.

11

544, 555 n.3, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Complaints that are

12

"argumentative, prolix, replete with redundancy, and largely irrelevant" and that

13

"consist[] largely of immaterial background information" are subject to dismissal

14

under Rule 8.  McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

15

**2.**     **Analysis**

16

Here, the Complaint's run-on and incomplete sentences, as well as

17

undecipherable handwriting render most of the Complaint incomprehensible.  As a

18

result of the Complaint's lack of clarity and specificity, the Court cannot discern

19

the nature of Plaintiff's claims.  Hence, the Complaint does not give Defendants

20

adequate notice of the legal claims asserted against them.  See McHenry, 84 F.3d at

21

1176.  For example, Plaintiff fails to specify Defendants' names, the dates on

22

which Defendants allegedly committed wrongdoing, where the Defendants

23

allegedly committed the wrongdoing, or the laws on which Plaintiff bases his

24

claims.  Unclear pleadings such as the Complaint, that "leav[e] it to the Court to

25

figure out what the full array of [Plaintiff's] claims is and upon what federal law,

26

and upon what facts, each claim is based" remain subject to dismissal.  Little v.

27

28

4

1    Baca, No. CV 13–0373 PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013).

2    Accordingly, the Court must dismiss the Complaint for failure to state a claim.  See

3    also Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *3-4

4    (E.D. Cal. Feb. 28, 2008) (Alarcón, Circuit J., sitting by designation) (dismissing

5    "long, rambling pleading" under Rule 8 and noting that "[t]he court (and any

6    defendant) should be able to read and understand Plaintiff's pleading within

7    minutes").

8         In amending the Complaint, Plaintiff must state each of his claims

9    separately.  For each claim, Plaintiff should clearly, precisely, and briefly identify

10   the legal basis and the facts underlying it.  See Bautista v. L.A. Cnty., 216 F.3d

11   837, 840-41 (9th Cir. 2000) ("Experience teaches that, unless cases are pleaded

12   clearly and precisely, issues are not joined, discovery is not controlled, the trial

13   court's docket becomes unmanageable, the litigants suffer and society loses

14   confidence in the court's ability to administer justice.").  Plaintiff should identify

15   when the alleged harm was committed, who caused the alleged harm, and what

16   actions were committed by each alleged wrongdoer.

17   **B.    The Complaint Contains Allegations Which Appear So Implausible As**

18        **To Divest This Court Of Subject Matter Jurisdiction**

19        **1.    Applicable Law**

20        A court lacks subject matter jurisdiction where a "federal claim is 'so

21   insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or

22   otherwise completely devoid of merit as not to involve a federal controversy.'"

23   Cook Inlet Region, Inc. v. Rude, 690 F.3d 1127, 1131 (9th Cir. 2012) (quoting

24   Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 118 S. Ct. 1003, 1010,

25   140 L. Ed. 2d 210 (1998)); see O'Brien v. U.S. Dep't of Justice, 927 F. Supp. 382,

26   385 (D. Ariz. 1995) aff'd, 76 F.3d 387 (9th Cir. 1996) (dismissing claims that

27

28                                          5

Federal Bureau of Investigation agents and government officials assaulted a plaintiff and exposed her to "countless dating/raping game participants in an effort to orchestrate her personal life and dictate to her" as "so bizarre and delusional that they are wholly insubstantial and cannot invoke this Court's jurisdiction"); O'Connor v. United States, 159 F.R.D. 22, 26 (D. Md. 1994) aff'd, 54 F.3d 773 (4th Cir. 1995) (dismissing claims that Drug Enforcement Agency agents harassed a plaintiff by monitoring him, recruiting civilians to harass him with messages, and playing music to control him as "totally divorced from the real world"); Carrasco v. U.S. Gov't Justice Dep't Strike Force, 792 F. Supp. 603, 604 (N.D. Ill. 1992) (dismissing claims that government agents monitored a plaintiff's brain, making him "an experiment type of sex therapy subject" as frivolous).

      **2.**   **Analysis**

Here, Plaintiff's implausible claims divest the Court of subject matter jurisdiction. While Plaintiff's noncompliance with Rule 8 renders his claims opaque at best, Plaintiff's claims appear "completely devoid of merit as not to involve a federal controversy." Cook Inlet Region, Inc., 690 F.3d at 1131 (internal quotation marks omitted). For example, Plaintiff alleges he "was given a piece of good actions from the Chief Justice with the United States Supreme Court and told if my wife or I get abused to send it around and help will come," states his filing the Complaint caused sheriffs and police to shoot children, and requests damages of 916 trillion dollars. Compl. 5, 8. Like the plaintiffs' allegations in the cases described above, Plaintiff's allegations are so delusional and implausible as to preclude the Court from exercising federal subject matter jurisdiction. Cook Inlet Region, Inc., 690 F.3d at 1131. Accordingly, the Court must dismiss the Complaint for lack of subject matter jurisdiction.

# IV.

## <u>LEAVE TO FILE A FIRST AMENDED COMPLAINT</u>

For the foregoing reasons, the Complaint is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Accordingly, IT IS ORDERED THAT within 21 days of the service date of this Order, Plaintiff acts pursuant to one of the following two options:

(1)    Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the original complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  Because the Court grants Plaintiff leave to amend as to all his claims raised in his Complaint, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.  <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

(2)     Alternatively, Plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a Notice of Dismissal Form.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  Thus, if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the Court may dismiss the First Amended Complaint without leave to amend and with prejudice.

The Court warns that failure to timely file a First Amended Complaint will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

DATED: OCTOBER 7, 2015     _____

HONORABLE KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

8